540 A.2d 1175

**LEGAL AID BUREAU, INC.**

v.

**BISHOP'S GARTH ASSOCIATES LIMITED PARTNERSHIP.**

No. 1350, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 10, 1988.

Melvin J. Sykes (Stuart R. Cohen, on the brief), Baltimore, for appellant.

Joan M. Becker (Reese & Carney, on the brief), Columbia, for appellee.

Argued before GILBERT, C.J., and BISHOP, J., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

GILBERT, Chief Judge.

Theodore Roosevelt (1858–1919), in a speech at the Minnesota State Fair on September 2, 1901, uttered the words, "Speak softly and carry a big stick." Those seven words have been quoted many times and are familiar to most schoolchildren in this country. An obvious problem arising from "carrying a big stick" is that of knowing when properly to use it.

Maryland Rule 1–341 arms the courts of this State with "a big stick"—the power to impose sanctions in the form of counsel fees and costs for instituting court proceedings "in bad faith or without substantial justification."

The question presented in this appeal is whether the Circuit Court for Carroll County judiciously swung the big stick when it "hit" the Legal Aid Bureau, Inc., with an assessment against it of a counsel fee of $9,691.00.

Before beginning our discussion of the propriety of the assessment of the fee, we shall recount the factual situation giving rise to the appeal.

### The Facts

This matter began as a landlord-tenant action in the District Court for Carroll County. Bishop's Garth Associates Limited Partnership (Bishop's Garth) filed suit, alleging that Josephine Brunner and Salvadore Torres had breached their lease with Bishop's Garth. Brunner and Torres, represented by the Legal Aid Bureau, prayed a jury trial, thereby transferring the action to the circuit court. After a two day trial, the jury returned a verdict in favor of

Bishop's Garth. Brunner and Torres promptly noted an appeal, but the appeal was dismissed because Brunner and Torres failed to comply with Md. Rule 1026 a. 2., *i.e.*, ordering a transcript from the court stenographer within the prescribed ten day time period.

Pursuant to Md. Rule 1-341, Bishop's Garth filed a Motion for Attorney's Fees. The judge heard evidence on the motion for two days and then ordered the payment of the $9,691.00 fee to counsel for Bishop's Garth.

Although the underlying breach-of-lease appeal is not before us because of its dismissal for counsel's failure to abide by the rules of procedure, it is nevertheless necessary for us to review it so as to determine whether there was any legitimate basis for the manner in which Legal Aid conducted the defense of Brunner and Torres.

The record shows that in August 1981 Brunner and Torres leased an apartment at Bishop's Garth, a federally subsidized low-income housing project in Westminster, Maryland. The lease was for a period of one year but provided for automatic renewals.

On November 21, 1984, Bishop's Garth filed a complaint in the district court in which it sought restitution of the premises. The complaint alleged that Brunner and Torres had substantially breached their lease by: 1) failing to recertify their income; 2) lodging persons in the premises who were not on their lease; 3) being consistently delinquent in rent payments; 4) misusing and abusing the common facilities; and 5) disturbing the other tenants with unreasonable, objectionable, and annoying behavior. Attached to the complaint was a copy of the thirty day Notice to Quit which had been served on Brunner and Torres on October 10, 1984. Acting through Legal Aid, Brunner and Torres requested a jury trial, thus removing the case to the circuit court.

Prior to the commencement of any legal proceedings in the instant case, a Legal Aid attorney had met, in regard to another tenant, with Robert Silverwood, managing general

partner of Bishop's Garth. Counsel requested the names of the tenants who had filed written complaints against that particular tenant. When Silverwood refused, the Legal Aid lawyer allegedly said, "You realize, of course, and—and I don't want you to consider this a threat. But you realize that even though you may win this case and have [the tenant] evicted, we intend to seek a trial in this matter. And that's going to be very expensive for you, just in attorneys' fees alone. And you also know that we can drag this thing out for some time."

A month later the attorney and Silverwood met with respect to Brunner and Torres. At that meeting the same Legal Aid counsel asked Silverwood to provide counsel with copies of the complaints made against Brunner and Torres by other tenants, as well as photographs which allegedly depicted the children of Brunner and Torres in the act of destroying property of Bishop's Garth. Silverwood refused. Whereupon counsel reportedly stated, "I think we have here the same situation we had on the last time we met. And I'm sure you know that we can stretch this thing out as well. Based on that fact, don't you think it might be to your advantage to come to some agreement with Mrs. Brunner and—save yourself some money?" [1]

After interrogatories had been asked by Brunner–Torres and answered by Bishop's Garth, the parties entered into what appears to be extended settlement negotiations that continued until June 2, 1985, the day before trial. During the negotiations, Brunner and Torres in April 1985 moved for summary judgment, alleging that Bishop's Garth had waived the notice to quit by filing a non-payment of rent

---

1. *See* Rule 3.1, The Maryland Lawyers Rules of Professional Conduct, the Comment thereon, and the ABA Code of Professional Conduct, DR 7–102(A). We think it unmistakable that counsel's alleged statements were the underlying basis for the request for sanctions under Md. Rule 1–341. We make clear that neither the Legal Aid appellate counsel nor trial counsel in the circuit court is the lawyer who allegedly uttered the somewhat tactless remarks which apparently sparked the request for counsel fees.

complaint on November 5, 1984, and subsequently accepting the rent after the expiration of the thirty day notice to quit the premises. The court denied the motion, assigning as its reason that a waiver is a question of intent to be determined by the trier of fact.

At the conclusion of the evidence, the jury found in favor of Bishop's Garth. Of the two day trial, only sixty-three minutes were consumed in presenting the testimony in Brunner's and Torres's defense. The jury's verdict was returned within twenty-seven minutes of the inception of its deliberations. As we have already observed, Brunner and Torres noted an appeal, which was dismissed because the court stenographer was never instructed to prepare a transcript. *See* Md. Rule 1026 a. 2.

### The Law

Maryland Rule 1-341 provides:

> "In any civil action, if the court *finds* that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court *may require* the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it." (Emphasis supplied.)

Before a court metes Rule 1-341 sanctions, it must make an evidentiary finding of "bad faith" or "lack of substantial justification." *See Hess v. Chalmers*, 33 Md.App. 541, 545, 365 A.2d 294 (1976). Rule 1-341's immediate ancestor, erstwhile Rule 604 b, included the clause "for purposes of delay" as a predicate to the application of sanctions; but that concept, we said in *Blanton v. Equitable Bank, National Association*, 61 Md.App. 158, 163, 485 A.2d 694 (1985), is subsumed within the term "bad faith," as currently used in Rule 1-341. Whether bad faith or lack of substantial justification is found by a court to exist in any given case is a question of fact subject to a "clearly

erroneous" standard of review. *Century I Condominium Association, Inc. v. Plaza Condominium Joint Venture*, 64 Md.App. 107, 117, 494 A.2d 713 (1985). Once a court finds that a party or counsel has acted in bad faith or without substantial justification the court may apportion costs and reasonable attorney's fees or may choose not to award fees at all. *Id.*, 64 Md.App. at 120. On appeal the appropriateness of the sanction imposed is reviewed under an abuse of discretion standard, *Blanton*, 61 Md.App. at 166, 485 A.2d 694, and the sanction will not be disturbed unless there had been an abuse of discretion. *Century I*, 64 Md.App. at 120, 494 A.2d 713.

In the case *sub judice* the trial judge found as a fact that both the jury trial and the subsequent ill-fated appeal were taken "for purposes of delay, in bad faith, and without substantial justification." The judge said that, although a jury trial was requested for the purpose of obtaining "additional discovery," as well as to decide the factual issues, the request was made in order to delay the trial and to intimidate Bishop's Garth into dismissing its suit against Brunner and Torres.

█ Maryland Rule 1–341 does not reach dilatory conduct if that conduct is based on justifiable grounds, *Miller v. Miller*, 70 Md.App. 1, 12, 519 A.2d 1298 (1987), particularly when the conduct involves the assertion of a fundamental right. *See* Md. Declaration of Rights, art. 23.

The Comment to Rule 3.1 of the Maryland Lawyers' Rules of Professional Conduct states,

"The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

The filing of an action or defense or similar action taken for a client is not frivolous merely because the

facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law."

■ We think it patent that, to the extent, if any, that the trial judge relied upon the jury trial request as indicating an improper delay, his finding was clearly erroneous. Md. Rule 1086.

■ The trial judge, in his "Memorandum Opinion and Order," penned, "I had the opportunity to evaluate the Plaintiff's and Defendants' cases. It *became clear during the trial* that the Defendants' case was totally without merit." (Emphasis supplied.) We think it erroneous to determine a lack of substantial justification from the vantage point of judicial hindsight because hindsight, judicial or otherwise, is always 20/20, irrespective of any astigmatism foresight may suffer. *Century I,* 64 Md.App. at 118, 494 A.2d 713. *See also Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986) (construing Fed.R.Civ.P. 11, which is the federal analogue of Md. Rule 1–341).

The appropriate test is not hindsight but whether the action or defense to it was initiated in bad faith or without substantial justification. Rule 1–341 sanctions are not to be imposed upon a losing party because an innovative or tenuous legal theory was not embraced by the court, *Dent v. Simmons,* 61 Md.App. 122, 127–28, 485 A.2d 270 (1985), or the relied-upon expected testimony of a witness unravels when given under oath at trial.

The trial judge, in the instant case, noted in his opinion that one defense witness flatly contradicted the stance of Brunner and Torres when the witness declared that he had resided in the Brunner and Torres apartment for five or six weeks. That declaration revealed a clear violation of the lease provision prohibiting the lodging for more than thirty days of persons not on the lease. The witness's testimony, taken through an interpreter, completely belied answers to interrogatories filed by Brunner and Torres, the opening statement of their counsel, and Brunner's trial testimony.

We observe that it is the province of the jury to assess credibility when confronted with conflicting testimony. *Cluster v. Cole,* 21 Md.App. 242, 250, 319 A.2d 320 (1974). The fact that a jury may believe one witness instead of others does not mean that the party whose witnesses were not believed defended in "bad faith" or "without substantial justification." Trial counsel's role is that of advocate, not trier of fact or judge. As a matter of law, a reasonable basis for believing that a case will generate a factual issue for the fact finder at trial provides substantial justification for defending an action. *Insel v. Solomon,* 63 Md.App. 384, 398, 492 A.2d 963 (1985).

"Rule 1–341 represents a *limited* exception to the general rule that attorney's fees are not recoverable by one party from an opposing party [or counsel]," *Legal Aid Bureau, Inc. v. Farmer,* 74 Md.App. 707, 722, 539 A.2d 1173 (1988) (emphasis supplied), and a party need only assert a *colorable* claim or defense to escape Rule 1–341 sanctions. *Dent v. Simmons,* 61 Md.App. at 124, 485 A.2d 270. The rule should be utilized judiciously.

We think the trial judge further erred when he relied upon blatantly extrajudicial fact-gathering. The judge's memorandum opinion candidly declares: "I spoke with the jury foreman after the trial and he told me that the jury had taken only *five* minutes to decide the case but had remained in the deliberation room for another twenty-two minutes out of embarrassment for the defense." (Empha-

sis in original.) A judge may not conduct "any kind of independent investigation" into the facts that he or she must ultimately determine. *Wiseman v. State*, 72 Md.App. 605, 609, 531 A.2d 1311 (1987). To the extent that the trial judge considered the jury foreman's explanations in deciding whether the Legal Aid Bureau's conduct warranted sanctions, he erred as a matter of law.

We are further of the view that the trial court abused its discretion in that it awarded attorney's fees for *all* of the time spent by Bishop's Garth's attorneys on the case—from the drafting of the district court complaint through the last day of the circuit court trial. Yet the trial court said, "In February of 1985, some four months before trial, [Bishop's Garth] filed extensive answers to interrogatories that bore out its allegations that there had been five material breaches of [Brunner's and Torres's] lease. [Brunner's and Torres's] counsel AT THAT TIME, certainly should have realized that [Bishop's Garth] had a very strong case and that [they] had very little, if any, defense to these allegations." (Emphasis in original.) Thus implicit in the trial court's reasoning is that until Brunner and Torres received Bishop's Garth's answers to interrogatories their defense was at least arguably valid.

Maryland Rule 1–341 is not, and never was intended, to be used as a weapon to force persons who have a questionable or innovative cause to abandon it because of a fear of the imposition of sanctions. Rule 1–341 sanctions are judicially guided missiles pointed at those who proceed in the courts without any colorable right to do so. *See, e.g., Blanton v. Equitable Bank, National Association, supra.* No one who avails himself or herself of the right to seek redress in a Maryland court of law should be punished merely for exercising that right.

■■ Because the Legal Aid Bureau's conduct of the proceeding produced some factual issues for determination by the jury, the trial judge's findings of "bad faith" and

"lack of substantial justification" were clearly erroneous, and the award of attorneys' fees was an abuse of discretion.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.