567 A.2d 521

**Robin J. KELLEY, et al.**

v.

**Barbara R. DOWELL.**

**No. 713, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Jan. 3, 1990.

Certiorari Denied April 17, 1990.

Christopher L. Hamlin (George E. Meng and Greenan, Walker, Steuart & Meng, on the brief), Landover, for appellant, Solomon.

Roger A. Perkins, Annapolis, for appellee.

Argued before ROSALYN B. BELL, KARWACKI and CATHELL, JJ.

CATHELL, Judge.

This appeal arises from a child custody dispute between Robin J. Kelley and Barbara R. Dowell. The primary and determinative issue raised on appeal is an award of sanctions, made pursuant to Maryland Rule 1–341.

Robin Kelley and Barbara Dowell were divorced in August 1986. Pursuant to that decree, Mrs. Dowell obtained custody of the parties' four minor children. Both parties remarried.

On June 17, 1988, through his attorney, Gerald Solomon (appellant), Robin Kelley filed in the Circuit Court for Carroll County a Complaint for Child Custody and Support, with a motion for *ex parte* relief, requesting immediate custody of his three sons. Neither Mrs. Dowell, nor her attorney, were notified of this development. That same day, Judge Burns granted Kelley's request for custody via an ex parte order. He also ordered the appointment of a guardian *ad litem* to represent the interests of the two youngest boys. After an expedited adversarial hearing on July 8, 1988, Judge Burns issued an order dated July 13, 1988, maintaining the ex parte order and establishing visitation.[1]

Mrs. Dowell appealed to this Court from Judge Burns' *ex parte* order, his order appointing a guardian *ad litem*, and his July 13, order reaffirming the earlier orders. After Judge Burns recused himself, Mrs. Dowell dismissed that prior appeal without prejudice.

Subsequently, the action was transferred to the Circuit Court for Anne Arundel County, where the trial judge heard the case and issued an order, dated February 15,

---

1. We emphasize the fact that Mr. Kelley, for whatever reasons, apparently prevailed at that stage of the proceeding.

1989, denying Mr. Kelley custody of his two youngest sons and awarding him custody of the oldest son. This order also terminated the ex parte order previously issued by Judge Burns in Carroll County, and imposed the sanctions which form the basis of this appeal.[2]

Appellant, Mr. Solomon, presents four issues for our consideration:

I. Was the trial court's ruling that appellant sought and obtained an Ex Parte Order for Robin Kelley, without substantial justification, clearly erroneous, and its award of attorney's fees pursuant to Rule 1–341 an abuse of discretion?

II. Whether the trial court erred by awarding attorney's fees and costs to appellee for the entire amount of fees incurred in the case, based upon the court's ruling that appellant sought and obtained an ex parte order without substantial justification at the commencement of the case?

III. Whether the trial court erred in granting Barbara Dowell's motion for entry of money judgment, while Gerald Solomon's appeal of the lower court's February 15th, 1989, order was pending before the Court of Special Appeals?

IV. Whether the trial court's award of attorney's fees of Richard V. Boswell, against Gerald Solomon, pursuant to Rule 1–341, was clearly erroneous.

Appellant asserts in his brief that the lower court's award of attorney's fees and costs against him, on the sole ground that appellant sought and obtained an ex parte order without substantial justification, is clearly erroneous. We agree. We will therefore reverse the lower court's decision, to the extent that it awards attorney's fees and costs

---

**2.** The trial court ordered total sanctions under Maryland Rule 1–341 of $20,139.33; one-half to be paid by Robin Kelley and one-half by Gerald Solomon. Robin Kelley and Richard V. Boswell, the guardian *ad litem*, also noted appeals, but later dismissed them. We therefore address the issues raised only as they pertain to appellant Solomon.

against Mr. Solomon. Hence, we need not consider the other issues appellant raises.

Maryland Rule 1–341 provides that:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party *or the attorney advising the conduct or both of them* to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it. [emphasis added]

In a number of recent decisions, both this Court and the Court of Appeals have outlined clearly the intent behind the enactment of Maryland Rule 1–341.

> Rule 1–341 represents a limited exception to the general rule that attorney's fees are not recoverable by one party from an opposing party. It is intended to prevent parties and lawyers from *abusing* the judicial process by filing or defending actions and proceedings "without substantial justification" or "in bad faith." It is not intended to punish legitimate advocacy. [emphasis in original]

*Legal Aid Bureau v. Farmer,* 74 Md.App. 707, 722, 539 A.2d 1173 (1988). This Court further stated, in *Legal Aid v. Bishop's Garth,* 75 Md.App. 214, 224, 540 A.2d 1175, *cert. denied,* 313 Md. 611, 547 A.2d 188 (1988):

> Maryland Rule 1–341 is not, and never was intended, to be used as a weapon to force persons who have a questionable or innovative cause to abandon it because of a fear of the imposition of sanctions. Rule 1–341 sanctions are judicially guided missiles pointed at those who proceed in the court without any colorable right to do so. No one who avails himself or herself of the right to seek redress in a Maryland court of law should be punished merely for exercising that right. [citation omitted]

In *Yamaner v. Orkin,* 313 Md. 508, 516, 545 A.2d 1345 (1988), the Court of Appeals opined: "Rule 1–341 is not

intended to penalize a party and/or counsel for asserting a colorable claim or defense." (citations omitted) The unmistakable import of this line of cases is that Rule 1–341 sanctions should be imposed only in cases of clear, serious abuse of judicial process.

This Court recently set out the standard of review for sanctions imposed under Rule 1–341 in the case of *Legal Aid v. Bishop's Garth, supra,* 75 Md.App. at 220–21, 540 A.2d 1175:

> Before a court metes out Rule 1–341 sanctions, it must make an evidentiary finding of "bad faith" or "lack of substantial justification." ... Whether bad faith or lack of substantial justification is found by a court to exist in any given case is a question of fact subject to a "clearly erroneous" standard of review. Once a court finds that a party or counsel has acted in bad faith or without substantial justification the court may apportion costs and reasonable attorney's fees or may choose not to award fees at all. On appeal the appropriateness of the sanction imposed is reviewed under an abuse of discretion standard, and the sanction will not be disturbed unless there had been an abuse of discretion. [citations omitted]

■ Where the filing of a pleading or motion is at issue, the appropriate point of inquiry for the evidentiary finding is whether the party *initiated* the action in bad faith or without substantial justification. In *Legal Aid v. Bishop's Garth, supra,* 75 Md.App. 222, 540 A.2d 1175, we stated: "We think it erroneous to determine a lack of substantial justification from the vantage point of judicial hindsight because hindsight, judicial or otherwise, is always 20/20, irrespective of any astigmatism foresight may suffer." (citations omitted) *See also Century I Condominium Association, Inc. v. Plaza Condominium Joint Venture,* 64 Md.App. 107, 118, 494 A.2d 713 (1985). We adhere to that view.

■ In the case sub judice, the trial judge, in awarding attorney's fees, engaged in precisely the type of judicial

hindsight in making his evidentiary finding of lack of substantial justification that we found to be erroneous in *Legal Aid v. Bishop's Garth.* At the close of the hearing on the merits, in his oral opinion, the trial judge specifically stated:

The court now comes to the Ex Parte Order. There was not the slightest evidence in this case that an emergency existed in June of '88 or at the time this Order was signed. *What Judge Burns heard and considered is unknown to me, but what happened from the evidence in this case was clearly wrong and unjustified....* The court feels that all things that have eminated [sic] from that Ex Parte Order were uncalled for, unsupported by the evidence and done wrong. The court will not require the mother to pay one cent of ... counsel fees. [emphasis added]

From this statement it is apparent that the trial judge never made the appropriate evidentiary finding as called for in *Bishop's Garth.* According to the standard set forth in that case, the trial court was required to take evidence on the circumstances surrounding Judge Burns' grant of the ex parte motion, and to determine whether the motion was substantially justified at the time it was filed. The trial judge clearly did not limit his inquiry to the point in time when Kelley and appellant filed the motion for ex parte relief. Rather, he determined the lack of substantial justification for *filing* the action *in light of all the evidence adduced at the trial on the merits.* To do so was clearly erroneous and an abuse of discretion. It is on this point that we must reverse.

We do not determine whether there was, in fact, substantial justification for requesting ex parte relief.[3] Instead, we rest our decision to reverse the imposition of sanctions solely on the trial court's failure to make an evidentiary finding that Kelley and appellant lacked substantial justification *as of the time the motion was filed.*

---

**3.** Indeed, we note that many of the circumstances surrounding Mr. Kelley's complaint and motion for ex parte relief give us pause.

We are mindful of our recent statement in *Bohle v. Thompson*, 78 Md.App. 614, 639, 554 A.2d 818, *cert. denied*, 316 Md. 364, 558 A.2d 1206 (1989), that "[a]lthough a finding of bad faith does not necessarily involve an examination of the merits of the case, a finding that a cause of action was brought or maintained without substantial justification does require such an examination." The case at hand, however, involves the question of whether Mr. Kelley and his attorney filed the *ex parte* motion without substantial justification; not whether his *cause of action* for modification of child custody and support lacked substantial justification. Since the trial judge erroneously determined the matter based on the totality of facts known to him after a five-day trial, rather than on circumstances as they existed when appellant filed Kelley's motion [4], we need not make the assessment of the merits of the case as called for in *Bohle, supra.*

For the foregoing reasons, we reverse the lower court's decision to the extent that it awards attorney's fees and costs against appellant, Gerald Solomon, as a sanction pursuant to Maryland Rule 1–341.[5] In light of our holding appellee's motion for appellate costs under Rule 1–341 is denied.

---

4. We note that appellant, as an attorney, must necessarily rely on the facts as they are given to him by his client to make tactical decisions concerning his representation of the client. Therefore, even if the grounds for seeking ex parte relief were exaggerated, either by Mr. Kelley, or by his children, appellant would have been justified in seeking such relief for his client if he reasonably believed these exaggerations to be true statements of fact. Additionally, in view of the fact that one of the three children for which custody was sought in the ex parte proceeding, is, as a result of an agreement, now in the custody of the father, and the trial court agreed to "go along with it", we question how the trial court could have determined there was no "colorable right" to file suit under our *Bishop's Garth* standard.

5. The trial judge relied exclusively on Rule 1–341 and assessed costs as sanctions under that Rule. Our decision is thus limited to the applicability of that rule under the facts of this case. We note that our holding in no way would limit the powers of the trial judge to assess costs and/or counsel fees against a party under any appropriate provisions of the Family Law Article or other statute or rule.

THE APPEALS OF APPELLANTS ROBIN J. KELLEY AND OF RICHARD V. BOSWELL GUARDIAN *AD LITEM* FOR THE MINOR CHILDREN, ANDREW KELLEY AND MATTHEW R. KELLEY, WERE DISMISSED; JUDGMENTS AGAINST APPELLANT GERALD SOLOMON ARE REVERSED; APPELLEE'S RULE 1–341 MOTION FOR SANCTIONS ON APPEAL IS DENIED. APPELLEE TO PAY THE COSTS.