599 A.2d 1228

**Steven W. BLACK, et ux.**

**v.**

**FOX HILLS NORTH COMMUNITY ASSOCIATION, INC.**

**No. 430, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Jan. 7, 1992.

Certiorari Denied April 9, 1992.

John F. McCabe, Jr. (Chen, Walsh & Tecler, on the brief), Rockville, for appellants.

Jeffrey Van Grack (Raymond B. Via, Jr. and Kass, Skalet, Segan, Spevack & Van Grack, P.C., on the brief), Rockville, for appellee.

Argued before MOYLAN, GARRITY and ALPERT, JJ.

MOYLAN, Judge.

The appellants/cross-appellees, Steven W. Black and his wife, Ann S. Black, live in a subdivision in Montgomery County known as Fox Hills North/Potomac Chase. Roy I. Kupersmith and his wife, Adriana E. Kupersmith, live in the same subdivision. As lot owners in Fox Hills North/Potomac Chase, they are all members of Fox Hills North Community Association, Inc. (FHNCA), a non-stock Maryland corporation. FHNCA is the appellee/cross-appellant.

The controversy in this case began when the Kupersmiths constructed a split-rail fence along the sides and rear of their property. The Kupersmiths had received the approval of the Architectural and Environmental Control Committee of FHNCA to construct the fence. The Blacks objected to the fence and sought to have it removed. They protested to the committee and the Board of Directors of FHNCA that the fence violated the Declaration of Covenants and Restrictions applicable to all properties in Fox Hills North. When the Board of Directors would not take any action to require the Kupersmiths to remove the fence and denied the Blacks' appeal, the Blacks filed a complaint in the Circuit Court for Montgomery County against the Kupersmiths and FHNCA seeking a declaratory judgment, injunctive relief, and damages. The court granted the motions to dismiss filed by the Kupersmiths and FHNCA without leave to amend. Furthermore, the court found that the suit against FHNCA was brought "without substantial justification" and, pursuant to Md. Rule 1–341, ordered the Blacks to pay to FHNCA $3,066.70 for attorney's fees in defending the action.

The Blacks filed a motion to alter or amend judgment. The court denied the motion with respect to FHNCA but granted the motion with respect to the Kupersmiths. An amended complaint was thereafter filed against the Kupersmiths seeking a declaratory judgment and injunctive relief. After discovery, the Blacks filed a motion for summary judgment. The Kupersmiths filed a motion to dismiss, alleging that the parties reached an agreement to move the fence and that the matter was moot. After the court

denied that motion, the Kupersmiths filed a line indicating they would not oppose the motion for summary judgment. The circuit court thereafter entered an order granting summary judgment and declaring that the Kupersmiths had constructed their fence in violation of Article VII, Section 9 of the Declaration of Covenants and Restrictions applicable to Fox Hills North/Potomac Chase in that the fence on the Kupersmiths' lot extended beyond the front building line of the dwelling on the lot immediately adjacent to the Kupersmiths' lot. The Kupersmiths were ordered to remove the fence and were enjoined from "constructing or reconstructing the fence or any part thereof on their property in the future."

The Blacks have filed an appeal from the order dismissing their complaint against FHNCA without leave to amend and awarding counsel fees to FHNCA and from the order denying their motion to alter or amend judgment as to FHNCA. FHNCA has filed a cross-appeal from the summary judgment in favor of the Blacks and against the Kupersmiths.

■ The circuit court granted FHNCA's motion to dismiss the complaint without leave to amend, because the court found, among other things, that the complaint failed to state a cause of action against the association. In determining whether the complaint was legally sufficient to state a cause of action, we must assume the truth of all well-pleaded material facts in that complaint as well as all inferences which can reasonably be drawn therefrom. *Flaherty v. Weinberg*, 303 Md. 116, 492 A.2d 618 (1985); *Hoffman v. Key Federal Savings & Loan Ass'n*, 286 Md. 28, 416 A.2d 1265 (1979).

In their complaint, the Blacks alleged that the Kupersmiths' fence was illegal under Article VII, Section 9 of the Declaration of Covenants of FHNCA and that it was approved in error. That section provides:

"*Fences.* Any fence constructed upon the Property shall not extend beyond the front building line of the

dwelling on the lot upon which any such fence is erected or the front building line of the dwellings on all immediately adjacent lots. No fence shall be more than six (6) feet in height. Chain link and other wire fencing is specifically prohibited. The erection of all fences shall be subject to the provisions of Article VII of this Declaration."

The Kupersmiths' lot is adjacent to, and to the front of, a "panhandle" or "pipestem" lot. A "pipestem" lot has limited street frontage and is located primarily behind another lot. The Kupersmiths' fence, therefore, extended beyond the front building line of the dwelling on the adjacent "pipestem" lot. Next to this adjacent lot is the Blacks' lot. The Blacks' lot is also a "panhandle" or "pipestem" lot. The Blacks alleged that Article VII, Section 9 prohibits fences which extend beyond the front building lines of the dwellings on immediately adjacent lots, including "pipestem" lots.

In their complaint, the Blacks alleged further that in November, 1987, FHNCA obtained an opinion of counsel that "Article VII, Section 9 would 'most likely' be interpreted to prohibit the Kupersmiths' fence." They alleged that in the summer of 1988, after the Architectural and Environmental Control Committee received an application for a fence to be constructed on another lot abutting a "pipestem" lot, an opinion of counsel was obtained advising the Board of Directors "that the Architectural and Environmental Control Committee should not approve the fence application ... because of the limitations created by Article VII, Section 9." That opinion was reiterated in January, 1989, when counsel for FHNCA stated that "the construction of a back yard fence on the front-most lot does, effectively, mean that the front yard view of the rear house will be broken by fence lines, which is what Article VII, Section 9 is intended to prohibit." The Blacks alleged that despite "numerous requests by [them] to FHNCA to take action to correct the error and illegality of the approval and construction of the Kupersmiths' fence, and notwithstanding the

above-referenced legal opinions," FHNCA took no action and the Board of Directors denied their appeal. The Blacks alleged that the "failure of FHNCA to take appropriate legal action is a breech (sic) of the duty and obligation owed by FHNCA to its members...."

On the basis of these allegations, the Blacks sought a declaratory judgment that FHNCA approved the Kupersmiths' fence in error and that FHNCA breached its duties and obligations to them by failing to take any action to remedy the erroneous approval. The Blacks prayed that the court enter a judgment in their favor and against FHNCA for costs and legal fees incurred by them in enforcing the covenants as a result of FHNCA's failure to do so. The Kupersmiths were joined in the complaint so that an injunction could be issued requiring them to remove the fence.[1]

As a general rule, with only limited exceptions, courts will not interfere in the internal affairs of a corporation. *Mountain Manor Realty, Inc. v. Buccheri*, 55 Md. App. 185, 461 A.2d 45 (1983). In *Martin v. United Slate, etc., Ass'n*, 196 Md. 428, 441, 77 A.2d 136 (1950), the Court of Appeals stated:

"[W]hen the tribunals of an organization, incorporated or unincorporated, have power to decide a disputed question their jurisdiction is exclusive, whether there is a by-law stating such decision to be final or not, and ... the courts cannot be invoked to review their decisions of questions coming properly before them, except in cases of fraud—which would include action unsupported by facts or otherwise arbitrary."

Applying this so-called "business judgment" rule to a decision by the board of trustees of a condominium association, the court in *Papalexiou v. Tower West Condominium*, 167 N.J.Super. 516, 401 A.2d 280, 285–286 (1979), said:

---

1. The Kupersmiths are not parties to this appeal.

"This rule requires the presence of fraud or lack of good faith in the conduct of a corporation's internal affairs before the decisions of a board of directors can be questioned.... If the corporate directors' conduct is authorized, a showing must be made of fraud, self-dealing or unconscionable conduct to justify judicial review. This presents an issue of law rather than of fact.... Although directors of a corporation have a fiduciary relationship to the shareholders, they are not expected to be incapable of error. All that is required is that persons in such positions act reasonably and in good faith in carrying out their duties.... Courts will not second-guess the actions of directors unless it appears that they are the result of fraud, dishonesty or incompetence." (citations omitted).

The "business judgment" rule, therefore, precludes judicial review of a legitimate business decision of an organization, absent fraud or bad faith.

Assuming the truth of all the allegations in the complaint, we agree with the trial court that the complaint failed to state a cause of action. The association in this case followed the prescribed procedures in approving the fence. After the application was received by FHNCA, it was first forwarded to Keith W. Northup for his technical review. It was then considered by the Architectural and Environmental Control Committee and approved by that committee. When the Blacks protested the approval of the fence to the association, the association did not just cavalierly dismiss the Blacks' objection; the association sought the advice of counsel. Although counsel advised the association that it was likely that a court would interpret the covenant in question "to prohibit all fences on lots located in front of pipestem lots," he stated that it was possible to interpret the covenant as the committee had done. John G. Brinjak, a Director of FHNCA, then wrote to Mr. Black explaining to him in detail why the Architectural and Environmental Control Committee had determined that the covenant did not prohibit the Kupersmiths' fence. When the

Blacks appealed the approval of the fence to the Board of Directors, the Directors considered that appeal and then denied it. The Declaration of Covenants and Restrictions provides that that decision is to be final. Thus, FHNCA gave the entire matter due consideration.

The decision which the association made to approve the Kupersmiths' fence was a decision which it was authorized to make. Whether that decision was right or wrong, the decision fell within the legitimate range of the association's discretion. As such, the association was under no obligation to proceed against the Kupersmiths to remove the fence. There was no allegation in the complaint of any fraud or bad faith. Absent fraud or bad faith, the decision to approve the fence was a business judgment with which a court will not interfere. The complaint against FHNCA was properly dismissed.

With respect to the award of attorney's fees to FHNCA, the Blacks contend that the trial judge was clearly erroneous in finding that the suit was brought without substantial justification. After dismissing the complaint against FHNCA, the trial judge, *sua sponte* and without any hearing on the matter, made this finding and awarded attorney's fees to FHNCA under Md. Rule 1–341. At the hearing on the motion to alter or amend judgment, the court indicated that the suit against FHNCA was also brought in bad faith. This finding was apparently derived from the conclusion that the suit was brought without substantial justification.

An award of costs and reasonable expenses, including attorney's fees, under Rule 1–341, where a civil action was maintained or defended in bad faith or without substantial justification, is "an extraordinary remedy, intended to reach only intentional misconduct." *Talley v. Talley*, 317 Md. 428, 438, 564 A.2d 777 (1989). It is reserved for the rare and exceptional case. The rule was intended to eliminate abuses in the judicial process and not to penalize a party and/or counsel for asserting a colorable claim or defense. *Kelley v. Dowell*, 81 Md.App. 338, 567 A.2d 521

(1990); *Needle v. White, Mindel, Clarke & Hill*, 81 Md.App. 463, 568 A.2d 856 (1990); *Legal Aid Bureau, Inc. v. Farmer*, 74 Md.App. 707, 539 A.2d 1173 (1988). Indeed, as we said in *Dent v. Simmons*, 61 Md.App. 122, 124, 485 A.2d 270 (1985), "[F]ree access to the courts is an important and valuable aspect of an effective system of jurisprudence...." In *Legal Aid Bureau, Inc. v. Bishop's Garth Associates Limited Partnership*, 75 Md.App. 214, 224, 540 A.2d 1175 (1988), Chief Judge Gilbert made clear that the rule should be used judiciously:

> "Maryland Rule 1–341 is not, and never was intended, to be used as a weapon to force persons who have a questionable or innovative cause to abandon it because of a fear of the imposition of sanctions.... No one who avails himself or herself of the right to seek redress in a Maryland court of law should be punished merely for exercising that right." (citation omitted).

Although we can sympathize with the trial judge's feeling, when dismissing the complaint against FHNCA, that the suit should not have been brought against the association, the Blacks' suit was not so outrageous that they should be penalized with such an extreme sanction. The redress available under Rule 1–341 applies only when a suit is patently frivolous and devoid of any colorable claim. Rule 1–341 sanctions should be imposed only when there is a clear, serious abuse of judicial process. The rule does not apply simply because a complaint failed to state a cause of action. Nor does it apply because a party "misconceived the legal basis upon which he sought to prevail," *Hess v. Chalmers*, 33 Md.App. 541, 545, 365 A.2d 294 (1976), or urged a legal theory which was not adopted by the court. *Dixon v. DeLance*, 84 Md.App. 441, 579 A.2d 1213 (1990). We hold that the finding that the suit against FHNCA was brought without substantial justification, and in bad faith, was clearly erroneous and that the award of attorney's fees to FHNCA was an abuse of discretion.

■ FHNCA has filed a cross-appeal from the summary judgment in favor of the Blacks and against the Kupersmiths. FHNCA contends that the judgment will affect its prior approval of similar fences and will cast doubt on its ability to approve such requests in the future. FHNCA, however, was not a party to this action. The complaint against FHNCA was dismissed. The decision declaring that the fence violated the covenants of the association and requiring the Kupersmiths to remove the fence has no precedential binding effect on FHNCA. FHNCA thus has no right to appeal a judgment disposing of issues in a complaint to which it was not a party and by which it was not aggrieved.

JUDGMENT ON APPEAL AFFIRMED IN PART AND REVERSED IN PART; CROSS–APPEAL DISMISSED; COSTS TO BE DIVIDED EQUALLY.